KATHLEEN E. WELLS, CSB # 107051
Attorney at Law
3393 Maplethorpe Lane
Soquel, California 95073
Telephone: (831) 475-1243
Email: lioness@got.net

Attorney for  Plaintiff  BETH NAIA VIEIRA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION – ECF PROGRAM

| | |
|---|---|
| BETH NAIA VIEIRA,<br><br>        Plaintiff,<br><br>        v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA SANTA CRUZ POLICE DEPARTMENT; DANETTE GLAAB; BRIAN HUGHES;  MERCADO; CARBIALES; AND 20 UNKNOWN OFFICERS, AGENTS,EMPLOYEES OF UCSC,<br><br>        Defendants. | Case No.<br><br> COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS;<br><br>JURY TRIAL DEMANDED |

///

///

**JURISDICTION AND VENUE**

1.   This is an action for damages pursuant to 42 U.S.C. § 1983 based upon the defendants' violations of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.  Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law.

2.   Venue is proper in the Northern District in that the events and conduct complained of herein all occurred in the County of Santa Cruz.

**PARTIES**

3.   Plaintiff BETH VIEIRA (hereinafter "Plaintiff") is, and was at all relevant times, a resident of the County of Santa Cruz.

4.   Defendant  BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA AT SANTA CRUZ  ("UCSC") is a public agency duly organized under the laws of the State of California .   UNIVERSITY OF CALIFORNIA SANTA CRUZ POLICE DEPARTMENT ("UCSC POLICE") is a public agency, duly organized and existing under the laws of the State of California.  These Defendants operate and are responsible for the  actions, omissions, policies, procedures, practices and customs of its  various  agents  and agencies including the individual police officers named as defendants herein and the other unknown individuals, deputies/agents/employees who are defendants herein.

5.   Defendants DANETTE GLAAB ("GLAAB"), BRIAN HUGHES ("HUGHES"), MERCADO and CARBIALES (collectively  referred to as "officers") are police officers in the UCSC POLICE and are named defendants herein in both their official and individual capacities for their actions taken against plaintiffs taken under color of state law.

6.   Plaintiff is ignorant of the true names and capacities of  Defendants designated as 20 UNKNOWN OFFICERS, AGENTS, AND/OR EMPLOYEES OF THE UNIVERSITY OF CALIFORNIA AT SANTA CRUZ, and, therefore,

name these defendants by such designation. Plaintiff is informed and believes and thereon alleges that each "Unknown Defendant" so named was, in performing the acts alleged herein, either acting in their capacity as agents of UCSC and/or were acting individually, outside the course and scope of their agency or employment;  and, in performing all of the acts alleged herein, these unknown defendants acted under color of state law and the statutes, ordinances, regulations, customs and usages of the State of California.   These defendants are charged with enforcing state and local laws and additionally charged with knowledge and protection of citizens' constitutional rights while enforcing such laws.    Plaintiff will amend his complaint to state the names and capacities of the unknown defendants when their identities are revealed through the discovery process.

### ALLEGATIONS REGARDING THE CLAIM FOR RELIER

**7.**  On May 15, 2018,  Plaintiff was violently assaulted by her husband and dialed 911 to call the police for assistance.  The Officers arrived at her residence and instead of providing plaintiff with assistance, without any provocation from Plaintiff, GLAAB grabbed plaintiff and savagely threw her down on the couch so hard that she broke the edge of the couch.  The Officers proceeded to handcuff plaintiff and drag her outside her residence.  They did not tell her she was under arrest or ask her to offer herself for handcuffing; instead they simply grabbed her and placed the cuffs on her wrists.   The Officers proceeded to inflict severe, permanent and painful injuries on Plaintiff including extensive bruising and a serious injury to her shoulder for which she required surgery to repair.

**8.**  Plaintiff was, at all times, polite and did not resist the Officers in any manner.

**9.**  The Officers transported Plaintiff to the Santa Cruz County Jail where

1
2
3

she remained incarcerated for several hours.  The Officers had cited her with felony domestic abuse and resisting arrest and her bail was set at $20,000.  She suffered in pain for several hours until a friend was able to post a bond for her release.

4
5
6
7

10. The Officers blatantly lied in the police report stating that Plaintiff, and not her husband, was the abuser.  Plaintiff's husband is one of the founding fathers of UCSC and a professor emeritus, and the Officers were aware of his elevated standing at the University and provided him with special treatment because of his status.

8
9
10
11
12

11. Due to the lies of the Officers in the police report regarding the incident, the District Attorney charged Plaintiff with resisting arrest and felony domestic violence which was subsequently reduced to misdemeanor elder abuse.  The District Attorney continued to prosecute plaintiff due to the ongoing lies of the Officers.

13
14
15

12.  The charges were finally all dismissed for lack of evidence almost a year later on May 8, 2019.   Plaintiff was forced to make nearly a dozen court appearances and incurred attorney's fees to defend her against the charges.

16
17
18
19
20
21
22

13.   Since the incident, Plaintiff has been the victim of several vicious assaults by her husband and Plaintiff, aware of her husband's close ties with, and special treatment by, the UCSC Police, was unable to seek assistance and suffered in silence.  In one such incident, he injured her by choking her violently and the doctor who treated her for her injuries filed a mandatory domestic violence report about the incident.  Because Plaintiff was being unlawfully charged with elder abuse due to the lies of the Officers, the doctor's report was ignored.

23
24
25

14.  In fear for her life, Plaintiff  sought asylum and was forced to move from her home.

26

///

27

///

28

# CLAIM FOR RELIEF

## Right to Be Secure From Unreasonable Seizure and Excessive Force
## 42 U.S.C. §1983 - Fourth Amendment

### (Against all defendants)

15.   Plaintiff hereby incorporates Paragraphs 1-14 of this Complaint as if fully set forth herein.

16.   42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress .

17.   Plaintiff in this action is a citizen of the United States and all of these individual Defendants named in  this claim are proper defendants for purposes of 42 U.S.C. § 1983. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law either in their individual capacity or  in their capacity as UCSC Officers..

18.   At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from unlawful seizure of her person, from extended prosecution on criminal charges that were caused by the lies of the Officers,  and from the use of excessive force.

19.   Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as these rights were clearly established at that time.

20.   The Officers' actions, as described herein, were objectively unreasonable under the law as established at the time in light of the facts and

circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

21.  The Officers' actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to plaintiff's federally protected rights. Defendants' unlawful actions shocks the conscience and violated these Fourth Amendment rights of Plaintiff.

22.  These individual defendant officers unlawfully seized plaintiff's person by means of threat of physical force, thereby unreasonably depriving plaintiff of his freedom.  In conjunction with unlawfully depriving Plaintiff  of her freedom, the Officers inflicted serious injuries on the Plaintiff even though Plaintiff was cooperative throughout and did not resist in any manner.

23. These Officers furthermore intentionally lied in their police reports for the specific purpose of causing Plaintiff to be maliciously prosecuted on false charges.

24. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking unlawful acts of the other Defendant officers.  They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking actions of each other officer.

25. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

26. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

27. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries.

28. These individual Defendants acted in concert and joint action with each other.

29. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

30. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

31. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered serious physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages and will continue to incur further medical and other special damages related expenses, in amounts to be established at trial.

32. In addition, Plaintiff will suffer lost future earnings  and impaired Earning capacities from the not yet fully ascertained injuries in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

33. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## DEMAND FOR JURY TRIAL

34.  Plaintiff hereby demands a trial by jury on all claims for relief.

///

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1.   For general damages in a sum according to proof;

2.   For special damages in a sum according to proof;

3.    For punitive damages against the individual defendants in a sum according to proof;

4.  For leave to amend or supplement the Complaint as the identities of the unknown defendants are discovered and new evidence is uncovered.

5.  For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

6.  For cost of suit herein incurred; and

7.  For such other and further relief as the Court deems just and proper.


Dated:  May 14, 2020          ___/s/  Kathleen E. Wells_____
                              KATHLEEN E. WELLS, Attorney for Plaintiff